**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

**EFRAIN CASADO,**

   **Petitioner,**

**v.**            **Case No. 1:19-cv-00791**

**C. MARUKA, Warden,
FCI McDowell,[1]**

   **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 petition") (ECF Nos. 1 and 2), which was amended to include an additional claim (ECF No. 6), and Petitioner's Motion for Summary Judgment (ECF No. 8).  Because the undersigned has determined that this court lacks jurisdiction over Grounds One, Two, and Three contained in the initial petition, no response from the Respondent has been ordered on those claims, which are ripe for summary dismissal.  However, by separate Order, the undersigned has issued an Order to Show Cause directing Respondent to file a limited response on the claim in Ground Four contained in the amendment filed in ECF No. 6.

---

[1] The petition also names William Barr, the former Attorney General of the United States, as a respondent. However, the only proper respondent in a habeas corpus petition such as this is the Petitioner's custodian. Thus, the Clerk is directed to terminate Mr. Barr as a respondent and modify the docket sheet, including the short style of the case, accordingly.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** and **DISMISS** Grounds One, Two, and Three of Petitioner's § 2241 petition (ECF Nos. 1 and 2) for lack of subject matter jurisdiction and **DENY** Petitioner's Motion for Summary Judgment (ECF No. 8), but leave this matter referred to the undersigned United States Magistrate Judge for additional proceedings concerning Ground Four contained in ECF No. 6.

## RELEVANT PROCEDURAL HISTORY

### A.    Petitioner's criminal proceedings

Petitioner is incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving a life sentence imposed by the United States District Court for the Southern District of Florida.  Following a jury trial, on March 27, 2000, Petitioner was convicted of the following offenses:  one count of engaging in a continuing criminal enterprise ("CCE"), from January 1990 through January 1998, in violation of 21 U.S.C. §§ 848(a), (b)(2)(A) (Count One); one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and 50 grams of cocaine base, from January 1990 through January 1998, in violation of 21 U.S.C. §§ 841(a) and 846 (Count Two); two counts of distribution of cocaine in excess of 500 grams, in violation of 21 U.S.C. § 841 (Counts Eight and Ten); and conspiracy to use and carry a firearm during and in relation to a drug trafficking crime, from 1994 through January 1998, in violation of 18 U.S.C. § 924(o) (Count Sixteen), all as pled in a Third Superseding Indictment.  (*See United States v. Casado*, No. 1:99-cr-00125-KMM-4, ECF Nos. 407, 714).

Count One of the Third Superseding Indictment specified that Petitioner occupied a position as a leader, organizer, or manager of the CCE, which had five or more

participants, and involved quantities of cocaine greater than 150 kilograms and quantities of cocaine base greater than 15 kilograms. Count Two listed twenty-six overt acts that had been committed in furtherance of this drug conspiracy, including fourteen shootings by various defendants.  On Counts Two, Eight, and Ten, Petitioner would have been subject to a statutory sentencing range of 10 years to life, pursuant to 21 U.S.C. § 841(b)(1)(A). However, his statutory sentencing exposure was increased to 20 years to life because the government filed an information under 21 U.S.C. § 851 setting forth that he was previously convicted, on September 8, 1988, of possession of cocaine with intent to sell in the Eleventh Judicial Circuit Court of Dade County, Florida. (*Id.*, ECF No. 538).  Additionally, as an organizer and leader of the CCE, Petitioner was exposed to a mandatory life sentence, if the other criteria contained in 21 U.S.C. § 848(b)(2) were met.

On June 7, 2000, the government dismissed the charge in Count Two and Petitioner was sentenced to concurrent terms of life in prison on Counts One, Eight, and Ten, which were to run concurrent to a 280-month sentence on Count Sixteen.  *Id.*, ECF No. 779.[2]  Petitioner's sentence included guideline enhancements for a leadership role in the offense under USSG § 3B1.1(a) and a "murder cross-reference" to level 43 pursuant to USSG § 2A1.1(a).  However, as noted above, Petitioner's conviction on Count One automatically exposed him to a life sentence under 21 U.S.C. § 848(b)(1).

On December 13, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions and sentences in a consolidated appeal filed with other

---

2  Petitioner's sentences were also ordered to run concurrently with a 294-month sentence imposed in a separate criminal proceeding, in which he was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  *United States v. Casado*, 1:98-cr-288-PAS-2, ECF No. 248.  That sentence was subsequently reduced to 120 months on September 1, 2016.  *Id.*, ECF No. 354.

of his co-defendants. *United States v. Baker*, 432 F.3d 1189 (11th Cir. Dec. 13, 2005). Petitioner did not seek a writ of certiorari in the United States Supreme Court, so his Judgment became final on or about March 13, 2006.

### B.    Petitioner's collateral review proceedings

Petitioner filed what the sentencing court construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 9, 2006, while his direct appeal process was ongoing. (*Casado v. United States*, Case No. 1:06-cv-20983, ECF No. 1). That motion was dismissed without prejudice on May 23, 2006 because the district court lacked jurisdiction, as the time for seeking a writ of certiorari was still running when Petitioner filed the motion. (*Id.*, ECF No. 4).

On January 26, 2011, Petitioner filed a second § 2255 motion, which was received and docketed on February 1, 2011. (*Casado v. United States*, No. 1:11-cv-20345, ECF No. 1). That petition was withdrawn by Petitioner and dismissed without prejudice, except for any statute of limitations or other procedural bar, on April 13, 2011. (*Id.*, ECF No. 8, 10, and 11).

Petitioner then attempted to file a third § 2255 motion in his sentencing court on or about December 10, 2013, which was received and docketed on December 16, 2013. (*Casado v. United States*, No. 1:13-cv-24517-KMM, ECF No. 1). That motion asserted the following grounds for relief: (1) that the court erred by not instructing the jury to find unanimously the identity of the five or more individuals whom he managed or supervised under the CCE statute; (2) that the court erred by failing to find the specific quantity of drugs reasonably foreseen by him; (3) that the court erred by failing to find that he used, carried, or brandished a firearm; (4) that he is actually innocent of his career offender

4

status; (5) that his trial counsel was generally ineffective; (6) that the court erred in its application of the murder cross-reference at sentencing; and (7) that the court violated the Court Reporter Act resulting in a four-year delay in the preparation of the trial transcript. This § 2255 motion was dismissed as untimely on July 7, 2014. (*Id.*, ECF No. 18). He was thereafter denied a certificate of appealability and his appeal of the district court's dismissal order was dismissed on February 24, 2015. (*Id.*, ECF No. 25) (*Casado v. United States*, No. 14-13271-D (11th Cir. Feb. 24, 2015)).[3]

### C.    The instant section 2241 petition

On November 1, 2019, Petitioner filed the instant § 2241 petition in this court, asserting the following grounds for relief:

1.    This Honorable Court should apply its *Wheeler v. United States*, 886 F.3d 415 (4th Cir. 2018) and *Hahn v. Moseley*, [931 F.3d 295, 301 (4th Cir. 2019)] "Savings Clause Test" [hereinafter "*Wheeler* test"] to Petitioner's previous preserved and unique circumstances reflecting Petitioner's [prior convictions for] poss. with intent to sell controlled substance [under] [FLA. STAT.] § 891.13, and aggravated assault [under] [FLA. STAT.] § 784.021(1)(b), where adjudication was withheld) that's impacted by the Eleventh Circuit Court of Appeals' holding in *U.S. v. Clarke*, 822 F.3d 1213 (11th Cir. 2016) and supported by a stipulation held by A.U.S.A. (Christopher J. Clark) that these offenses "does [sic] not qualify under Florida law in light of [*Clarke*.]

2.    This Honorable Court should apply its [*Wheeler* test] to Petitioner's ([FLA. STAT.] § 893.13 [conviction]) that's further impacted by the Supreme Court's holdings in *Moncrieffe v. Holder*, [133 S. Ct. 1678] (2013) [and the Eleventh Circuit's holding in] *Deon Jones v. U.S.*, 742 F. App'x 491 (11th Cir. 2018)] that can affect Petitioner's sentence on Counts 1, 8, and 10 for Petitioner's career offender and 21 U.S.C. § 851 status/enhancement.

---

3 Petitioner has also unsuccessfully filed several motions for authorization to file a second or successive § 2255 motion in the United States Court of Appeals for the Eleventh Circuit, other post-conviction motions in his court of conviction, and several other § 2241 petitions in a Georgia federal court, which the undersigned finds unnecessary to address in detail herein.

3.     In light of *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013), supported by potential and compelling circumstances, this Honorable Court can apply the [*Wheeler* test] and give Petitioner relief from the S.D. of Florida District Court's previous unreliable and unsubstituted [sic] cross-reference life sentence caused by an enhancement pursuant to USSG § 2A1.1 (First Degree Murder) that's in direct conflict and/or violation of the rule announced in [*Booker v. United States*, 543 U.S. 220 (2005)] that the Petitioner could have preserved and adjudicated during his direct appeal proceedings.

(ECF No. 2).  As further addressed herein, Grounds One, Two, and Three, on their face, fail to meet the criteria for consideration by this court under § 2241 through the savings clause contained in 28 U.S.C. § 2255(e).

However, on December 30, 2019, Petitioner filed an "Amendment and Memorandum Brief" (ECF No. 6), in which he sets forth an additional claim for relief. The additional claim states as follows:

4.     This Honorable Court should further apply its [*Wheeler* test] to Petitioner's 21 U.S.C. § 848 and 841 convictions that are impacted by the Supreme Court's holding in *Rosemond v. United States*, [134 S. Ct. 1240, 1245 (2014)] that can affect Petitioner's convictions and/or sentences on Count(s) 1, 8 and 10.

(ECF No. 6 at 2-5).  The undersigned has issued a separate Order to Show Cause directing Respondent to file a limited response addressing the application of *Rosemond* to Petitioner's convictions and sentences and whether he can meet the criteria for review under § 2241 through the savings clause.  Upon completion of the briefing schedule set forth in the Order to Show Cause, the undersigned will file a separate document to recommend resolution of Ground Four.

## STANDARDS OF REVIEW

Petitioner's claims clearly challenge the validity of his convictions and sentences, and not the manner in which his sentence is being executed.  Motions under 28 U.S.C. §

6

2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Southern District of Florida. Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, as noted in the procedural history, Petitioner was previously denied § 2255 relief in that court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering Petitioner's § 2241 petition on its merits, the court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. In

*Jones*, the Fourth Circuit established the following three-factor analysis to determine whether § 2255 is inadequate or ineffective with respect to a challenge to the conviction itself:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (hereinafter "the *Jones* test").  Recently, the Fourth Circuit modified the *Jones* test and extended the savings clause analysis to sentencing challenges that can meet all of the following criteria:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (hereinafter "the *Wheeler* test"). The *Jones* test is applicable to Petitioner's fourth claim in his petition.  The *Wheeler* test appears to be applicable to his remaining claims.

As noted above, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255.  Thus, the fact that Petitioner's prior § 2255 motions were denied does not make § 2255 inadequate or ineffective to test the legality of his detention and, standing alone, will not permit this court to review his claims under § 2241.

8

In interpreting the phrase "this circuit," as used in both standards, the Fourth Circuit has held that it is the law of the petitioner's circuit of conviction and sentencing, which in this case is the Eleventh Circuit, that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); *see also Van Hoorelbeke v. United States*, No. CA-0-08-3869-CMC-PJG, 2010 WL 146289, at \*4 (D.S.C. Jan, 8, 2010) (citing *Chaney v. O'Brien*, No. 07-0012, 2007 WL 1189641, at \*3 (W.D. Va. Apr. 23, 2007) (holding that, in applying the second prong of the *Jones* test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted"); *Eames v. Jones*, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011) (finding the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit); *Gordon v. Conley*, No. 5:99-cv-00204, 2000 WL 34240482 (S.D. W. Va., June 30, 2000) ("'[C]hange in law' is not to be equated with a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated . . . .").

As noted by the *Chaney* court, and affirmed by the Fourth Circuit, "applying the substantive law of the place of confinement . . . would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." 2007 WL 1189641 at \*3 [other citations omitted]. Using these criteria, the undersigned will proceed to address Grounds One, Two, and Three of Petitioner's initial petition.

## ANALYSIS

*I.    CLAIMS IN PETITIONER'S INITIAL PETITION*

### A.    Ground One

In Ground One of his § 2241 petition, Petitioner asserts that, using the *Wheeler* test to invoke the savings clause in § 2255(e), he is entitled to be resentenced on Counts Eight and Ten without the statutory sentencing enhancement he received under 21 U.S.C. § 851 and his career offender enhancement under USSG § 4B1.1, due to the Eleventh Circuit's decision in *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016).  He claims that, at his sentencing, the district court relied upon existing Eleventh Circuit case law holding that a prior plea of nolo contendere where adjudication is withheld was, nonetheless, a conviction for the purpose of 21 U.S.C. §§ 841(b) and 851.  *See United States v. Smith*, 96 F.3d 1350 (11th Cir. 1996); *United States v. Mejas*, 47 F.3d 401, 404 (11th Cir. 1995); *United States v. Fernandez*, 58 F.3d 593, 600 (11th Cir. 1995).  The *Mejas* opinion specifically noted that "federal law rather than state law defines what constitutes a 'conviction' for purposes of section [841(b)]." 47 F.3d at 404.

However, in 2016, the Eleventh Circuit issued two opinions in the same criminal appeal that muddied the waters with respect to this issue.  In *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016) ("*Clarke I*"), the decision upon which Petitioner relies, a panel of the Eleventh Circuit was confronted with the issue of whether a prior nolo contendere plea for which adjudication was withheld was a "conviction" for the purpose of being a felon in possession of a firearm under 18 U.S.C. § 922(g).  Section 921(a)(20) of Title 18 of the United States Code provides that the issue of whether a conviction qualifies as a

prior conviction under § 922(g) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20).

Thus, the Eleventh Circuit certified a question to the Florida Supreme Court asking whether Florida treats such a guilty plea as a conviction under state law.  The Florida Supreme Court stated that a withheld adjudication is not a conviction for the purposes of Florida's own felon in possession statute.  Based upon that ruling, in *Clarke I*, the Eleventh Circuit vacated a conviction under § 922(g).  Petitioner relies upon that decision in asserting that his prior Florida possession of cocaine with intent to sell offense under FLA. STAT. § 891.13, for which adjudication was withheld, cannot serve as a prior conviction for his enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851 or his career offender enhancement.[4] He makes the same argument with respect to his prior aggravated assault conviction, under FLA. STAT. § 784.021(1)(b), which was not used as the predicate felony offense for the § 851 enhancement, but is another prior felony offense that could have served as such a predicate for both Petitioner's § 851 enhancement and his career offender guideline enhancement.

However, on the same day that *Clarke I* was issued, the same Eleventh Circuit panel issued a second unpublished decision in *United States v. Clarke*, 649 F. App'x 837 (11th Cir. 2016) ("*Clarke II*"), in which the court found no plain error based upon the district court's determination that the same prior Florida nolo contendere plea for which adjudication was withheld was a "conviction" under federal law for the purpose of 21

---

4  Petitioner's petition also asserts that the Assistant United States Attorney ("AUSA") conceded the application of *Clarke I* in what appears to be an excerpt from a brief in opposition to one of Petitioner's § 2255 motions, and Petitioner requests that this court treat the AUSA's statement as a "stipulation."  (ECF No. 2 at 11 and Ex. C-1 at n.4).

U.S.C. §§ 841(b) and 851. In that opinion, the court specifically discussed the prior rulings in *Mejas* and *Fernandez* and suggested that such authority was still good law. Thus, it appears that *Clarke II*, not *Clarke I*, is applicable here.

Subsequently, courts within the Eleventh Circuit have held that "neither of the *Clarke* opinions overruled or undermined *Fernandez* or *Mejas*, and [an offense for which adjudication is withheld] was properly considered as a basis for an enhancement [under §§ 841(b) and 851]" and the career offender enhancement. Furthermore, the *Clarke I* decision has not been made retroactively applicable on collateral review. *See United States v. Durant*, No. 3:16-cv-608 (N.D. Fla. Aug. 17, 2018); *United States v. Jackson*, No. 1:16-cv-203 (N.D. Fla. Mar. 22, 2018); *Rogers v. United States*, No. 3:10-cv-382, 2017 WL 637487, at *2 and n.3 (M.D. Fla. Feb. 16, 2017) (quoting *United States v. Elliot*, 732 F.3d 1307, 1312-13 (11th Cir. 2013)) ("[A] plea of *nolo contendere* with adjudication withheld is a conviction for purposes of the § 4B1.1 career offender enhancement"); *Burns v. United States,* No. 17-cv-61187, 2017 WL 10442612, *3 (S.D. Fla. July 6, 2017), *report and recommendation adopted*, 2017 WL 10442614 (S.D. Fla. Sept. 28, 2017) ("The *Clarke* [*I*] decision has not been made retroactively applicable to cases on post-conviction relief."); *see also Moss v. Atkinson*, 767 F. App'x 466 (4th Cir. 2019) (recognizing that *Mejas* relies on a federal law definition of "conviction" that is not altered by a new construction of Florida law and denying § 2241 petition based on *Clarke I*). Accordingly, the substantive law supporting Petitioner's sentencing enhancement has not changed in a manner that can be applied retroactively. Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the second and third factors

of the *Wheeler* test and this court lacks jurisdiction to grant Petitioner relief under the savings clause on Ground One of his § 2241 petition.

### B.    Ground Two

In Ground Two of his § 2241 petition, Petitioner asserts that, using the *Wheeler* test to invoke the savings clause in § 2255(e), he should be resentenced without the statutory sentencing enhancement he received under 21 U.S.C. § 851, and the guideline career offender enhancement, in light of the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), and the Eleventh Circuit's decision in *Jones v. U. S. Att'y Gen.*, 742 F. App'x 491 (11th Cir. 2018).  These decisions dealt with the definition of an "aggravated felony" under the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 237(a)(2)(A)(iii), 1101(a)(43)(B), and 1227(a)(2)(A)(iii).  That definition includes "illicit trafficking in drugs," which further incorporates the definition of a "drug trafficking crime" used in 18 U.S.C. § 924(c)(2), which is "any felony punishable under the Controlled Substances Act ["CSA"]."  *See* 8 U.S.C. § 1101(a)(43); 18 U.S.C. § 924(c)(2).  Thus, to qualify for removal under the INA, a defendant must have committed an offense that is punishable as a felony under the CSA.

Petitioner's convictions and sentences do not implicate the INA.  However, Ground Two of Petitioner's petition appears to assert that, in light of these decisions, his prior Florida conviction for possession of cocaine with intent to sell, which was used as a predicate offense for his § 851 enhancement and his career offender enhancement under USSG § 4B1.1, was not punishable as a felony under federal law but, rather, only as a misdemeanor under 21 U.S.C. § 844 for possession of a small quantity of drugs.  Petitioner appears to contend that these decisions support such a finding because they stand for the

13

proposition that federal law controls the characterization of the predicate offense and that these decisions substantively altered the interpretation of a felony drug offense for the purpose of these enhancements.

However, the INA definitions are not implicated here.  For the purpose of a § 851 enhancement, a "prior conviction" is defined as a "felony drug offense," which, at the time of Petitioner's sentencing, was "an offense that is punishable by imprisonment for more than one year under any  law of the United States or of a State . . . that prohibits or restricts conduct related to narcotic drugs, marihuana, anabolic steroids, or depressant, or stimulant substances."  *See* 21 U.S.C. § 802(44); *Burgess v. United States*, 553 U.S. 124 (2008) (a "felony drug offense" as that term is used in § 841(b)(1)(A), means an offense punishable by imprisonment for more than one year, whether or not the offense arises under state or federal law").  Likewise, a "felony controlled substance offense" for purposes of the career offender guideline is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. 4B1.2.  Petitioner's prior conviction was for felony possession with intent to sell cocaine, which is a form of distribution or dispensing, and is certainly "conduct related to narcotic drugs . . . or stimulant substances."

Thus, because Petitioner's predicate Florida controlled substance offense could be a felony under either federal or state law, it satisfies both definitions for a qualifying felony

offense for both the § 851 enhancement and his career offender enhancement, and these immigration decisions do not substantively change that fact.

Thus, *Moncrieffe* and the other cases relied on by Petitioner do not apply to the circumstances of his case and do not substantively change the law that applied to his sentence. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria to assert this claim under the savings clause in a § 2241 petition in this court and, thus, this court lacks jurisdiction to consider Ground Two of Petitioner's § 2241 petition.

### C.    Ground Three

In Ground Three of his § 2241 petition, Petitioner appears to assert that his life sentence, based upon the application of the "murder cross-reference" contained in USSG 2A1.1,[5] is now invalid under the Supreme Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013). *Peugh* held that a sentence violates the United States Constitution's ex post facto clause if, in calculating the defendant's guidelines range, the judge calculated the range in effect when he sentenced the defendant, rather than when the defendant committed the crime for which he is being sentenced, and the earlier range was lower (less punitive). 133 S. Ct. at 2088. Petitioner was sentenced under the then-mandatory

---

5 In calculating Petitioner's guideline level, his counts of conviction were grouped together. (ECF No. 2, Ex. E). His base offense level was determined to be a level 43 under USSG §§ 2D1.1(d)(1) and 2K2.1(c), which both provide for a cross-reference to USSG § 2A1.1, where a homicide occurred in the course of the crime. The probation officer then applied the four-level increase for Petitioner's role in the offense provided in USSG § 3B1.1(a) which resulted in an offense level of 47. (*Id.*) Petitioner's guideline level would have been increased to 47 at any rate, due to his status as a career offender under USSG § 4B1.1, due to his prior convictions for violent felonies or controlled substance offenses. (*Id.*) Accordingly, the probation officer set Casado's base offense level at level 47. However, pursuant to application note 2 of Chapter Five, Part A., an offense level greater than 43 is to be treated as an offense level of 43. (*Id.*) Based on a total offense level of 43 and a criminal history category of VI, Petitioner's guideline sentence was life imprisonment. (*Id.*) However, his conviction on the CCE count (Count One) required a statutory life sentence, notwithstanding these guideline enhancements. *See* 21 U.S.C. § 848(b).

guidelines at the appropriate level in place at the time he committed the crime. Thus, there was no ex post facto violation, and it appears that *Peugh* has no application to Petitioner's case.

Moreover, even if it were somehow applicable herein, *Peugh* is grounded in an alleged constitutional violation rather than statutory interpretation and has not been made retroactive on collateral review. Thus, Petitioner cannot meet the second or third prongs of *Wheeler* and cannot use *Peugh* to open the door to savings clause relief. *See Herrera v. Jarvis*, 136 S. Ct. 1683 (2016); *Freeman v. Andrews*, No. 5:16-HC-2238-FL, 2017 WL 4182812, at *3 (E.D.N.C. Sept. 21, 2017) (petitioner did not demonstrate that relief under § 2255 was inadequate or ineffective based upon *Peugh*); *Wright v. Stewart*, No. 2:15-cv-229, 2016 WL 9150567, at *2 (E.D. Va. Jan. 11, 2016) (by raising *Peugh* claim in § 2241 petition, "[p]etitioner is attempting to circumvent the successive requirements of 28 U.S.C. § 2255."); *Spirk v. Krueger*, No. 3:13-cv-2525, 2013 WL 5876163, at *2 (M.D. Pa. Oct. 31, 2013) ("claim of an excessive sentence under *Peugh*, a decision which has not yet been held to apply retroactively, does not [fall within the savings clause.]").

Ground Three of Petitioner's petition appears to implicate, not *Peugh*, but rather the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), in which the Court held that a defendant's sentence was limited by the Fifth and Sixth Amendments to facts "reflected in the jury verdict or admitted by the defendant," and acknowledged that, if the United States Sentencing Guidelines were advisory, rather than binding and mandatory, these constitutional requirements would not be implicated. Thus, the Court excised the provisions of the Sentencing Reform Act making the guidelines mandatory, effectively rendering them advisory and only part of the factors to be considered under 18

U.S.C. § 3553(a) in determining an appropriate sentence.[6]  The undersigned construes Petitioner's claim in Ground Three to be asserting that his life sentence resulting from the murder cross-reference is a miscarriage of justice because it was applied under the mandatory guidelines, which have since become advisory after *Booker*.

The *Apprendi* line of decisions represent a change in the law that was constitutional in nature.  Thus, if those decisions were retroactively applied, they would potentially allow Petitioner to assert a claim in a second or successive § 2255 motion and, thus, he cannot meet the third prong of the *Wheeler* test.  However, federal courts, including the Eleventh Circuit, have consistently held that those decisions are procedural in nature and are not retroactively applicable on collateral review.  *See Herrera v. Warden, FCC Coleman-USP I,* 596 F. App'x 859, 862 (11th Cir. 2015) ("Herrera's argument under *Peugh* fails in any event because it is in essence an argument under [*Booker*], and we have held that *Booker* does not apply retroactively to cases on collateral review."), *cert. denied sub nom. Herrera v. Jarvis*, 136 S. Ct. 1683 (2016); *Starks v. Warden, FCC Coleman, USP I,* 552 F. App'x 869 (11th Cir. Dec. 19, 2013) (*Apprendi* does not apply retroactively on habeas review to claim of actual innocence of sentencing enhancement); *Barkley v. Warden, FCC, Jessup-Medium*, 604 F. App'x 917 (11th Cir. May 26, 2015) ("*Alleyne* is not retroactive and therefore could provide Barkley no relief . . ."); *In re Dean*, 375 F.3d 1287, 1290-91 (11th Cir. 2004) (holding that *Blakely* is not retroactive on collateral review).  Most significantly, as Petitioner's petition appears to

---

6  *Booker* is essentially another decision in the line of cases springing from *Apprendi v. New Jersey*, 530 U.S. 466 (2000) addressing whether facts supporting certain sentencing enhancements must be found beyond a reasonable doubt by a jury or may be found through judicial factfinding by a preponderance of the evidence.

acknowledge, *Booker* was decided while his direct appeal was still pending and before he could have filed a timely and proper § 2255 motion. Thus, Petitioner also cannot meet the second prong of the *Wheeler* test requiring a retroactive substantive change in the law after the completion of his direct appeal and first § 2255 motion.

Because these decisions are matters of constitutional law and are not retroactive on collateral review, and because Petitioner could have raised the instant claim in his direct appeal or in a timely § 2255 motion, he cannot satisfy the *Wheeler* criteria to raise this claim under the savings clause in § 2255(e). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the *Wheeler* criteria for application of the savings clause on this basis and, therefore, this court lacks jurisdiction to consider Ground Three of Petitioner's § 2241 petition.

### D.    Conclusion

With respect to Grounds One, Two, and Three of his § 2241 petition, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review those claims.

## II.    *PETITIONER'S MOTION FOR SUMMARY JUDGMENT*

On February 19, 2021, Petitioner filed a "Motion for Summary Action in Granting Petitioner's Section 2241 Petition Due to Court's Delay or Prolonged Delay for No Good Reason" (ECF No. 8). Thus, Petitioner essentially contends that he is entitled to a default or summary judgment due to the court's delay in serving the petition and ordering any

18

response thereto.  However, he cites no specific authority providing for such relief, and such default judgments are disfavored in the habeas context.

"[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Anderson v. Warden, FCI Coleman I,* No. 5:17-cv-335, 2020 WL 6962736, * 2 (M.D. Fla. June 9, 2020) (quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)); *Santillana v. Collins*, No. 5:14-cv-12474, 2015 WL 852328, at *3 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted*, 2015 WL 852335 (S.D.W. Va. Feb. 26, 2015) ("The law is well-settled that resolving a habeas corpus petition on the ground of 'default' is disfavored and generally inappropriate.")  Here, Petitioner has not demonstrated as a matter of law that any of his claims have merit.

Rather, the undersigned has recommended that Grounds One, Two, and Three in his petition lack merit for consideration under the savings clause and, consequently, this court lacks jurisdiction to determine the same.  Additionally, the undersigned has issued an order requiring Respondent to respond to Ground Four of the petition, as amended. Thus, the merits of that claim and this court's jurisdiction to review the same are still in dispute.  Therefore, Petitioner is not presently entitled to judgment as a matter of law on that claim either.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's Motion for Summary Judgment is not warranted and should be denied.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** and **DISMISS** Grounds One, Two, and Three of Petitioner's § 2241 petition (ECF Nos. 1 and 2) for lack of subject matter jurisdiction and

**DENY** Petitioner's Motion for Summary Judgment (ECF No. 8), but leave this matter referred to the undersigned United States Magistrate Judge for additional proceedings concerning Ground Four contained in ECF No. 6.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner, and to transmit a copy to counsel of record.

March 25, 2021

Dwane L. Tinsley
United States Magistrate Judge