IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**EFRAIN CASADO**

    Plaintiff,

v.                                                          CIVIL ACTION NO. 1:19-00791

**C. MARUKA, Warden,
FCI McDowell,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated August 26, 2021, the court accepted the Proposed Findings and Recommendation of the magistrate judge and denied and dismissed plaintiff's petition under 28 U.S.C. § 2241 as to grounds one, two, and three. Pending before the court is plaintiff's motion for reconsideration. See ECF No. 23. According to Casado, his "motion for reconsideration is in light to ground 3" and "may be granted where the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. at 1-2. Casado does specifically identify the rule under which he seeks relief. Therefore, the court has construed plaintiff's motion as one seeking relief under Federal Rule of Civil Procedure 59(e) or 60(b).[1]

---

[1] A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of the judgment." Plaintiff's filing is

As our appeals court has noted, "the Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in fact quite distinct." Robinson v. Wix Filtration Corp, LLC, 599 F.3d 403, 411 (4th Cir. 2010). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." Id. The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

> "Rule 59(e) motions may not be used [ ] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had

---

outside the 28-day window.  Therefore, it appears that plaintiff's motion is untimely under Rule 59.

> the ability to address in the first instance." Id. [Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)] A Rule 59(e) motion tests whether the Court's initial Order was "factually supported and legally justified." Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993). In other words, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." Harwley v. Comm'r of Soc. Sec. Admin., 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." Hutchinson, 994 F.2d at 1082. Accordingly, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

Heaton v. Stirling, Civil Action No. 2:19-0540-RMG, 2020 WL 838468, *1 (D.S.C. Feb. 18, 2020).

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998). Dispositions of Rule 60(b) motions are reviewed for abuse of discretion. See id.

Plaintiff has not demonstrated that he is entitled to relief under Federal Rule of Civil Procedure 59(e) or 60(b)(6).[2] To the extent that he argues there has been an intervening change in controlling law, he is incorrect. Even if Young v. Antonelli, 982 F.3d 914 (4th Cir. 2020), were "controlling," it was decided before the Judgment Order was filed in this case and even before the Proposed Findings and Recommendation were filed. Therefore, plaintiff could have argued the alleged impact of Young v. Antonelli prior to entry of judgment. See Banister v. Davis, 140 S. Ct. 1698 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."). Furthermore, the United States Court of Appeals for the Fourth Circuit has made clear that "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." Dowell v. State Farm & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993); see also Moses v. Joyner, 815 F.3d 163, 168 (4th Cir. 2016) (same). Finally, and most importantly, Burrage v. United States, 571 U.S. 204 (2014), had no impact on Casado's sentence. At issue in Burrage was when a defendant may be sentenced under the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(C). However, Casado was not sentenced under 21 U.S.C. § 841(b)(1)(C). Rather, he was sentenced pursuant to USSG § 2D1.1(d)(1) which directs the use of

---

[2] The other grounds for relief under Rule 60(b) clearly do not apply.

the First Degree Murder guideline found at 2A1.1 if a victim was killed under circumstances that would constitute murder. See ECF No. 1516 in Case 1:99-cr-00125-KMM (S.D. Fl. Dec. 9, 2021); see also United States v. Baker, 432 F.3d 1189, 1199, 1226 (11th Cir. 2005). Another court succinctly explained the problem with Casado's argument herein:

> In Burrage, the defendant sold heroin to another person, who used it, along with other drugs, and died the next day. After expert witnesses testified that it was impossible to determine if the decedent died from the heroin use alone, the district court instructed the jury that it could find defendant guilty of violating 21 U.S.C. § 841(b)(1)(C) if it found that the heroin the defendant distributed was a contributing cause of the decedent's death. The Burrage court held that where the use of a drug distributed by a defendant is not an independently sufficient cause of a victim's death or serious bodily injury, the defendant could not be liable for the § 841(b)(1)(C) penalty enhancement unless such use was a "but-for" case of the death or injury. . . . This scenario is entirely different from Petitioner's case, in which the sentencing court applied the murder cross reference of U.S.S.G. § 2D1.1(d)(1) after finding that Petitioner had ordered the murder of Sol Garcia. 18 U.S.C. § 841(b)(1)(C) has no application to Petitioner's case, and hence, neither does Burrage.

Perez-Colon v. O'Brien, Civil Action No. 5:14-CV-90, 2016 WL 11431539, at *6 (N.D.W. Va. Aug. 9, 2016); see also Hatfield v. Young, Case No. 5:18-cv-01265, 2019 WL 4196613, at *11 (S.D.W. Va. June 7, 2019) ("decision in Burrage is simply not applicable to Petitioners' case, as they were not sentenced under the penalty provision of § 841(b)(1)(C)" but "were subject to the cross-reference for murder enhancement provided by § 2D1.1(d)").

For all these reasons, Casado's motion is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 19th day of September, 2022.

ENTER:

David A. Faber
Senior United States District Judge