**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

EFRAIN CASADO,

      Petitioner,

v.                                      Case No. 1:19-cv-00791

C. MARUKA, Warden, FCI McDowell,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 26, 2022, the presiding District Judge dismissed Grounds One, Two, and Three of Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 20). The Court subsequently denied Petitioner's Motion for Reconsideration (ECF No. 25). Thus, only Ground Four of Petitioner's petition (as addressed in ECF Nos. 6 and 24) is still pending before the Court. For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Ground Four of Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and further **DISMISS** this civil action in its entirety for lack of jurisdiction.

**RELEVANT PROCEDURAL HISTORY**

**A.    Petitioner's criminal proceedings**

Petitioner is incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving an aggregate life sentence imposed by the United States

District Court for the Southern District of Florida.  Following a jury trial, on March 27,

2000, Petitioner was convicted of the following offenses:  one count of engaging in a

continuing criminal enterprise ("CCE"), from January 1990 through January 1998, in

violation of 21 U.S.C. §§ 848(a), (b)(2)(A) (Count One); one count of conspiracy to possess

with intent to distribute more than 5 kilograms of cocaine and 50 grams of cocaine base,

from January 1990 through January 1998, in violation of 21 U.S.C. §§ 841(a) and 846

(Count Two); two counts of distribution of cocaine in excess of 500 grams, in violation of

21 U.S.C. § 841 and 18 U.S.C. § 2[1] (Counts Eight and Ten); and conspiracy to use and carry

a firearm during and in relation to a drug trafficking crime, from 1994 through January

1998, in violation of 18 U.S.C. § 924(o) (Count Sixteen), all as pled in a Third Superseding

Indictment.  (*See United States v. Casado*, No. 1:99-cr-00125-KMM-4, ECF Nos. 407,

714).

Count One of the Third Superseding Indictment specified that Petitioner occupied

a position as a leader, organizer, or manager of the CCE, which had five or more

participants, and involved quantities of cocaine greater than 150 kilograms and quantities

of cocaine base greater than 15 kilograms. Count Two listed twenty-six overt acts that had

been committed in furtherance of this drug conspiracy, including fourteen shootings by

various defendants.  On Counts Two, Eight, and Ten, Petitioner would have been subject

to a statutory sentencing range of 10 years to life, pursuant to 21 U.S.C. § 841(b)(1)(A).

---

1  Although the language in Counts Eight and Ten of the Third Superseding Indictment suggests that
Petitioner distributed the drugs involved in those counts, the indictment also cites to 18 U.S.C. § 2, which
is the aiding and abetting statute.  The undersigned does not have access to the jury instructions from
Petitioner's trial, but Petitioner now suggests that the jury was improperly instructed about aiding and
abetting with respect to these two and other substantive counts against other co-defendants.  According to
Respondent, Petitioner did not object to or otherwise challenge the aiding and abetting instructions at trial
or in his direct appeal.

However, his statutory sentencing exposure was increased to 20 years to life because the government filed an information under 21 U.S.C. § 851 setting forth that he was previously convicted, on September 8, 1988, of possession of cocaine with intent to sell in the Eleventh Judicial Circuit Court of Dade County, Florida. (*Id.*, ECF No. 538). Additionally, as an organizer and leader of the CCE, Petitioner was exposed to a mandatory life sentence, if the other criteria contained in 21 U.S.C. § 848(b)(2) were met.

On June 7, 2000, the government dismissed the charge in Count Two and Petitioner was sentenced to concurrent terms of life in prison on Counts One, Eight, and Ten, which were ordered to run concurrent to a 280-month sentence on Count Sixteen. *Id.*, ECF No. 779.[2] Petitioner's sentence included guideline enhancements for a leadership role in the offense under USSG § 3B1.1(a) and a "murder cross-reference" to level 43 pursuant to USSG § 2A1.1(a). However, as noted above, Petitioner's conviction on Count One automatically exposed him to a statutory life sentence under 21 U.S.C. § 848(b)(1).

On December 13, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions and sentences in a consolidated appeal filed with other co-defendants. *United States v. Baker*, 432 F.3d 1189 (11th Cir. Dec. 13, 2005). Petitioner did not seek a writ of certiorari in the United States Supreme Court, so his Judgment became final on or about March 13, 2006.

---

2  Petitioner's sentences were also ordered to run concurrently with a 294-month sentence imposed in a separate criminal proceeding, in which he was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Casado*, 1:98-cr-288-PAS-2, ECF No. 248. That sentence was subsequently reduced to 120 months on September 1, 2016. *Id.*, ECF No. 354.

**B.   Petitioner's collateral review proceedings**

Petitioner filed what the sentencing court construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 9, 2006, while his direct appeal process was ongoing. (*Casado v. United States*, Case No. 1:06-cv-20983, ECF No. 1). That motion was dismissed without prejudice on May 23, 2006 because the district court lacked jurisdiction, as the time for seeking a writ of certiorari was still running when Petitioner filed the motion. (*Id.*, ECF No. 4).

On January 26, 2011, Petitioner filed a second § 2255 motion, which was received and docketed on February 1, 2011. (*Casado v. United States*, No. 1:11-cv-20345, ECF No. 1). That petition was withdrawn by Petitioner and dismissed without prejudice, except for any statute of limitations or other procedural bar, on April 13, 2011. (*Id.*, ECF No. 8, 10, and 11).

Petitioner then attempted to file a third § 2255 motion in his sentencing court on or about December 10, 2013, which was received and docketed on December 16, 2013. (*Casado v. United States*, No. 1:13-cv-24517-KMM, ECF No. 1). That motion asserted the following grounds for relief: (1) that the court erred by not instructing the jury to find unanimously the identity of the five or more individuals whom he managed or supervised under the CCE statute; (2) that the court erred by failing to find the specific quantity of drugs reasonably foreseen by him; (3) that the court erred by failing to find that he used, carried, or brandished a firearm; (4) that he is actually innocent of his career offender status; (5) that his trial counsel was generally ineffective; (6) that the court erred in its application of the murder cross-reference at sentencing; and (7) that the court violated the Court Reporter Act resulting in a four-year delay in the preparation of the trial

4

transcript. This § 2255 motion was dismissed as untimely on July 7, 2014. (*Id.*, ECF No. 18). Petitioner was thereafter denied a certificate of appealability, and his appeal of the district court's dismissal order was dismissed on February 24, 2015. (*Id.*, ECF No. 25) (*Casado v. United States*, No. 14-13271-D (11th Cir. Feb. 24, 2015)).[3]

### C.    Ground Four of the instant section 2241 petition

On December 30, 2019, Petitioner filed an "Amendment and Memorandum Brief" (ECF No. 6), in which he sets forth his fourth ground for relief, alleging as follows:

> This Honorable Court should further apply its *United States v. Wheeler* 2018 U.S. App. Lexis 7756 (4th Cir. 2018) and *Hahn v. Mosel[e]y*, 2019 U.S. App. Lexis 22076 (4th Cir. 2019) "savings clause test" to Petitioner's 21 U.S.C. § 848 and 841 convictions that are impacted by the Supreme Court's holding in *Rosemond v. United States*, 134 S. Ct. 1240, 1245, 188 L. Ed.2d 248 (2014) that can affect Petitioner's convictions and/or sentences on Count(s) 1, 8 and 10.

(ECF No. 6 at 2-5). This claim relies upon *Rosemond v. United States*, 572 U.S. 65 (2014), in which the Supreme Court held that a conviction for 18 U.S.C. § 924(c) under an aiding and abetting theory requires the prosecution to prove that the defendant had advance knowledge that an accomplice would use or carry a firearm during the underlying crime of violence or drug trafficking crime.

As noted by Respondent, however, Petitioner was convicted of a <u>conspiracy</u> to use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o), and was not convicted under an aiding and abetting theory. (ECF No. 19 at 9-10). Additionally, Petitioner does not appear to challenge that conviction, but instead

---

3 Petitioner has also unsuccessfully filed several motions for authorization to file a second or successive § 2255 motion in the United States Court of Appeals for the Eleventh Circuit, other post-conviction motions in his court of conviction, and several other § 2241 petitions in a Georgia federal court, which the undersigned finds unnecessary to address in detail herein.

seeks to extend the holding of *Rosemond* beyond the § 924(c) context to attack his other counts of conviction.  (*Id.* at 10-11.)  Respondent further asserts that, because *Rosemond* does not apply to any of Petitioner's counts of conviction, his argument is without merit and should be denied.  (*Id.*)  Respondent's response further states:

> Petitioner also cites *Steiner v. United States*, 940 F.3d 1282 (11th Cir. 2019), in support of his remaining habeas claim, but it is no more applicable than *Rosemond*.  In *Steiner*, the Eleventh Circuit held that *Rosemond* announced a new substantive rule that applies retroactively on collateral review.  *Id.* at 1288-1290.  Accordingly, *Steiner* would support Petitioner's *Rosemond* claim if *Rosemond* applied.  However, because *Rosemond* is inapplicable to Petitioner's motion, *Steiner*'s [holding also] has no relevance.

(*Id.* at 11).

Respondent further contends that Petitioner cannot meet the requirements for jurisdiction to have his claim reviewed under 28 U.S.C. § 2241.  Respondent asserts that Petitioner "has shown neither that a relevant substantive law has changed, [or] that the conduct for which he was convicted is no longer criminal . . . ."  Therefore, Respondent argues that Petitioner's petition must be dismissed for lack of jurisdiction.  (*Id.* at 11).

Finally, Respondent asserts that Petitioner waived his ability to make the arguments contained in his habeas petition when he did not challenge the aiding and abetting jury instructions at trial or on direct appeal.  Therefore, Respondent contends that Petitioner's current claim is procedurally defaulted, and he has not demonstrated any cause and prejudice to overcome the default and have the claim addressed on collateral review.  (*Id.* at 12).

Petitioner did not file a reply brief.  However, on July 20, 2022, he filed another amendment to his petition (ECF No. 24), in which he asks the Court to also consider his claim in light of another decision by the Eleventh Circuit, Petitioner's circuit of conviction,

interpreting an entirely different statute, 18 U.S.C. § 922(g)(1), and the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  *See Seabrooks v. United States*, No. 20-13459 (11th Cir. 2022).  This matter is ripe for resolution.

<u>**STANDARDS OF REVIEW**</u>

Petitioner's claim clearly challenges the validity of his convictions and sentences, and not the manner in which his sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Southern District of Florida.  Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.  However, as noted in the procedural history, Petitioner was previously denied § 2255 relief in that court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering Petitioner's § 2241 petition on its merits, the court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. In *Jones*, the Fourth Circuit established the following three-factor analysis to determine whether § 2255 is inadequate or ineffective with respect to a challenge to the conviction itself:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (hereinafter "the *Jones* test"). Recently, the Fourth Circuit modified the *Jones* test and extended the savings clause analysis to sentencing challenges that can meet all of the following criteria:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (hereinafter "the *Wheeler* test").

As noted above, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255. Thus,

the fact that Petitioner's prior § 2255 motions were denied does not make § 2255 inadequate or ineffective to test the legality of his detention and, standing alone, will not permit this court to review his claims under § 2241.

In interpreting the phrase "this circuit," as used in both standards, the Fourth Circuit has held that it is the law of the petitioner's circuit of conviction and sentencing, which in this case is the Eleventh Circuit, that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") Here, because Petitioner was convicted in the Southern District of Florida, Eleventh Circuit substantive law applies to his claim.

## ANALYSIS

Petitioner contends that, when he was convicted, settled law of the Supreme Court established the legality of his conviction. *See Nye & Nissen v. United States*, 336 U.S. 613 (1949) (*Pinkerton*[4] only applies where there was a conspiracy to accomplish certain unlawful objects, whereas aiding and abetting has a broader application; it makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy.) Ground Four of Petitioner's petition states as follows:

> In 2000, Mr. Casado was convicted of Count(s) 1, 8 and 10. Count(s) 8 and 10 were the substantive counts and an aiding and abetting theory was instructed to the Jury to find co-conspirator liability. A third count not charged – The Matchbox Count – was determine[d] by the Jury to be the third count of conviction for the 21 U.S.C. § 848 conviction, see Special Verdict Form. See: 99-125-CR-Moore (DE: 714) and *United States v. Baker*,

---

4  In *Pinkerton v. United States*, 328 U.S. 640, 645 (1946), the Supreme Court held that the overt acts of one co-conspirator are attributable to all the co-conspirators. *See also United States v. Gillespie*, 27 F.4th 934 (Mar. 8, 2022) (Under the *Pinkerton* doctrine, defendants are vicariously "liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy.") (quoting *United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016)).

432 F.3d 1235.

Casado subsequently appealed to the Eleventh Circuit Court of Appeals, his conviction was affirmed by settled law of the Supreme Court, in *Pinkerton v. United States*, 328 U.S. 640 (1946), and the court of appeals made that determination on co-conspirator foreseeability, an instruction not charged to the jury. See: *Baker*, 432 F.3d 1235, and See: Exhibit A, Jury Instruction in Case No. #99-125-CR-Moore.

Second, Petitioner's direct appeal was final in or around (2005), and his initial 28 U.S.C. § 2255 was final in or about (2007); however *Rosemond v. United States*, 134 S. Ct. 1240, 1245, 188 L.Ed.2d 248 (2014) was decided in or about 2014, all occurring after petitioner's direct appeal and first § 2255 proceedings.    Furthermore, the Eleventh Circuit has decided that *Rosemond v. United States* announced a substantive law changed that the conduct of which petitioner was convicted is deemed not to be criminal because an advanced knowledge element had to be charged to the Jury and proven by the government.  134 S. Ct. 1249, 188 L.Ed.2d 263. id.

(ECF No. 6 at 2-3).  Petitioner further asserts that, because *Rosemond* is not a new rule of constitutional law, Petitioner cannot meet the gateway provisions to bring his claim in a second or successive § 2255 motion.  (*Id*. at 4).  Consequently, Petitioner contends that he can meet the criteria to bring this claim in a § 2241 petition via the savings clause.  However, his convoluted claim does not clearly explain how *Rosemond* applies to his case.

Respondent contends that "[f]irst, and of primary importance, *Rosemond* does not apply to Petitioner's convictions because he was not convicted of aiding or abetting a § 924(c) offense."  *See United States v. Persaud*, 605 F. App'x 791,  801 (11th Cir. 2015) (noting that *Rosemond*: (1) "did not involve a factual scenario similar" to a conspiracy to possess marijuana with intent to distribute and aiding and abetting possession of marijuana with intent to distribute; and (2) "did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses").  (ECF No. 19 at 9-10).  Respondent's brief further asserts:

Petitioner's only conviction under 18 U.S.C. § 924, under Count Sixteen of the Third Superseding Indictment, was for **conspiring** to use and carry a firearm during and in relation to a drug trafficking crime, in violation of § 924(o) and its predecessor statute, § 924(n). However, Petitioner's motion does not challenge his conviction under Count Sixteen and the allegedly flawed jury instruction, attached to his supplementary filing, makes clear in its first sentence that it does not apply to Count Sixteen. See ECF No. 6 at 2 and Ex. A.

The allegedly flawed aiding and abetting instruction was also not applied to Petitioner's conviction for engaging in a continuing criminal enterprise (Count One) and accordingly, *Rosemond* has no application to that conviction. See ECF No. 6, Ex. A; *United States v. Baker*, 432 F.3d at 1235 (noting that co-conspirator liability under *Pinkerton*, rather than aiding and abetting liability, was applicable to the continuing criminal enterprise charge). As for Petitioner's conviction for two counts of distributing cocaine (Counts Eight and Ten), for which an aiding and abetting instruction was applicable, the Eleventh Circuit [footnote omitted] has held that *Rosemond* would not apply because they were not § 924(c) offenses. *See United States v. Aplesa,* 690 F. App'x 630, 634-35 (11th Cir. 2017) (noting that "*Rosemond* did not purport to change the law of aiding and abetting generally, only to clarify its application to a § 924(c) firearm offense" and *Rosemond* did not contradict the circuit's pattern jury instruction on aiding and abetting); *United States v. Persaud*, 605 F. App'x at 801 (noting that Rosemond does not apply "beyond aiding or abetting § 924(c) offenses").

(*Id*. at 10-11) (emphasis added).  Respondent also contends that, because *Rosemond* has no application to Petitioner's convictions, the fact that, in *Steiner*, the Eleventh Circuit made *Rosemond* retroactively applicable is of no moment here.

This case is strikingly similar to *Smith v. Dobbs*, No. 5:20-cv-00558-TMC (D.S.C. Mar. 9, 2022), in which our sister court in South Carolina dismissed a § 2241 petition challenging a conviction other than a § 924(c) conviction based upon *Rosemond*. Specifically, the petitioner in *Smith* was convicted of aiding and abetting the felony murder of a federal agent while in the line of duty, in violation of 18 U.S.C. §§ 1111 and 1114.  *Id*. at *1.  Thus, his case did not involve § 924(c) at all.  Nonetheless, Smith

asserted that the Supreme Court's holding in *Rosemond* changed the substantive law of aiding and abetting under 18 U.S.C. § 2 such that he now stands "convicted of an act that the law does not make criminal[.]" *Id.* at *3. The district court disagreed, finding:

> The Supreme Court's holding in *Rosemond* is limited in scope and applies only to aiding and abetting violations of § 924(c), and Petitioner cites to no authority, nor is the court aware of any, that extends the holding in *Rosemond* to aiding and abetting generally or to violations of §§ 1111 and 1114. Thus, Petitioner has failed to identify any change in the substantive law of the Eleventh Circuit [footnote omitted] which would make the conduct for which he was convicted no longer criminal as is required by the second prong of *Jones*. Consequently, Petitioner has failed to satisfy the requirements for application of the § 2255 savings clause, and the court lacks subject matter jurisdiction over the Petition.

*Id.* at *4; *see also Roche v. Breckon*, No. 7:18-CV-00325, 2020 WL 1121108, at *5 (W.D. Va. Mar. 6, 2020) ("[T]he Supreme Court in *Rosemond* did not limit the aiding and abetting statute in general by requiring the government to prove advance knowledge of the crime which was to take place . . . . Rather, the Supreme Court interpreted the aiding and abetting statute in the context of a prosecution for a § 924(c) offense."). The same is true here.

Petitioner's attempt to extend the holding in *Rosemond* to challenge his CCE and/or his substantive drug trafficking offenses must fail because neither the Supreme Court nor the Eleventh Circuit have specifically held that its "advanced knowledge" holding applies outside of the context of § 924(c) or otherwise changed the substantive law of aiding and abetting under 18 U.S.C. § 2. Petitioner's additional reliance on the Eleventh Circuit's recent decision in *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022) does not change this finding.

Petitioner's amendment to his claim suggests that *Seabrooks* answered the question of "whether the government must prove the defendant knew what the principal had done or was going to do." (ECF No. 24 at 3). However, in *Seabrooks*, which was largely focused on the liability of felons in possession of stolen firearms under 18 U.S.C. §§ 922(g)(1) and (j), and the application of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Court merely reconfirmed that it had previously denied Seabrooks' direct appeal claim invoking *Rosemond* because he had not raised the issue in the lower court, and there was no plain error <u>because neither the Supreme Court nor the Eleventh Circuit had addressed</u> <u>the question of whether the government had to prove an "advanced knowledge" *mens rea*</u> <u>element in that context.</u> 32 F.4th at 1380-81. Thus, *Seabrooks* does not settle the issue of whether *Rosemond*'s *mens rea* element applies beyond the context of § 924(c) and, thus, the undersigned does not find it supportive of Petitioner's claim.

Petitioner's convictions on Counts One and Sixteen were grounded in theories of co-conspirator liability under *Pinkerton* and *Nye & Nissen*, requiring reasonable foreseeability of conduct, and not under any aiding and abetting theory. Moreover, Petitioner's convictions on the substantive crimes in Counts Eight and Ten appear to involve actual conduct by Petitioner. Nonetheless, even to the extent that those counts also charged him under the aiding and abetting statute in 18 U.S.C. § 2, Petitioner has not demonstrated a change in the substantive law pertaining to that statute based upon the decisions in *Rosemond*, *Steiner*, or *Seabrooks*.

Accordingly, Petitioner has not shown a retroactive substantive change in the law that makes his conduct no longer criminal or that his sentences present any error resulting in a fundamental defect. Therefore, he cannot satisfy all the *Jones* or *Wheeler*

criteria to have his current claim reviewed under § 2241 through the savings clause and, therefore, this Court lacks jurisdiction to consider his claim under § 2241.[5]

### **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Ground Four of Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 6 and 24) and further **DISMISS** this civil action in its entirety for lack of subject matter jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

---

5 Because this Court lacks jurisdiction to consider Petitioner's claim, the undersigned finds it unnecessary to address Respondent's procedural default argument and declines to do so.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

    The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner, and to transmit a copy to counsel of record.

February 17, 2023

                              Dwane L. Tinsley
                              United States Magistrate Judge