IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

EFRAIN CASADO,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:19-00791

C. MARUKA, Warden, FCI McDowell,

    Defendant.

### MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on February 17, 2023, in which he recommended that the district court dismiss ground four of plaintiff's petition for a writ of habeas corpus, dismiss plaintiff's petition under 28 U.S.C. § 2241 in its entirety for lack of jurisdiction, and remove this matter from the court's docket.[1]

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a

---

[1] By Judgment Order entered on August 26, 2021, the court denied and dismissed grounds one, two, and three of plaintiff's petition.  See ECF No. 21.

de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Casado filed objections to the PF&R. See ECF No. 27. With respect to those objections, the court has conducted a de novo review.

Casado is currently serving a sentence handed down by the United States District Court for the Southern District of Florida. That court summarized Casado's offenses and proceedings in that court as follows:

> From at least 1992 through 1998, Petitioner Efrain Casado, a/k/a "E Four" or "E-Fo" and his friend Kenneth Williams, a/k/a "Boobie," supervised the supply and distribution of increasingly large amounts of cocaine to an intertwined network of drug distributors. The Miami arm of this drug enterprise came to be known colloquially as the "Boobie Boys" and was responsible for the importation of tons of cocaine and the deaths of dozens of rival drug dealers. In fact, violence was part and parcel of the Boobie Boys' operation, especially as it became larger and more sophisticated. For example, a turf war led to the execution—on Casado's orders—of two rival drug dealers and one five-year old boy at the Colors Apartment complex. On another occasion, Casado and several accomplices tracked down two rival drug dealers and gunned them down in a gas station parking lot in Miami. Not long after the first federal indictment was returned, Casado and a majority of his codefendants were taken into custody.

> After a thirty-one day trial in early 2000, Petitioner Efrain Casado was convicted of: (1) engaging in a continuing criminal enterprise in violation of 21 U.S.C. §§ 848(a), (b)(2)(A) (Count 1); (2) conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2 (Counts 8 and 10); and (3) conspiracy to use and carry a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(O),(n) (Count 16). This Court sentenced him to life imprisonment as to Counts 1, 8, and 10, to run concurrently with each other, and 240 months as to Count 16. See (ECF No. 779). On December 13, 2005, the Court of Appeals for the Eleventh Circuit affirmed Casado's conviction. See United States v. Baker, 432 F.3d 1189 (11th Cir. 2005).

Casado v. United States, Case No. 1:99-cr-00125-KMM, 2016 WL 4196659, at *1 (S.D. Fla. Aug. 9, 2016).

In the instant case, Casado argues that he is entitled to relief based upon the case of Rosemond v. United States, 572 U.S. 65 (2014), wherein the Supreme Court held that a conviction for 18 U.S.C. § 924(c) under an aiding and abetting theory requires the government to prove that the defendant had advance knowledge that an accomplice would use or carry a firearm during the underlying crime of violence or drug trafficking crime.

Magistrate Judge Tinsley's PF&R is thorough and comprehensive and provides an excellent account of the arguments Casado raises that, according to him, entitle him to habeas relief. Plaintiff's objections do not direct the court to specific errors in the PF&R but, rather, merely restate the same

3

arguments previously made without confronting all of the deficiencies identified in the PF&R.

Casado objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241. As Magistrate Judge Tinsley correctly noted, Casado challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255"). "That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'" Slusser v. Vereen, 36 F.4th 590, 594

(4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568). "For most, that is the end of the road." Id.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is

5

inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See Marlowe, 6 F.4th at 568. The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Of the "limited circumstances: that would "justify resort to § 2241[,]" the United States Court of Appeals for the Fourth Circuit has noted:

> [W]e think it is beyond question that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted); Lester [v. Flournoy], 909 F.3d at 716. In other words, a test is not "inadequate" just because someone fails it.

6

> Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review. Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances." In re Jones, 226 F.3d at 333. "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations." Id.

Farkas, 972 F.3d at 556.

Magistrate Judge Tinsley concluded that Casado could not satisfy the Jones or Wheeler tests because Rosemond did not impact his offenses of conviction. In his objections, Casado argues that "[t]he advanced knowledge pursuant to Rosemond in light of Supreme Court precedent can actual[ly] be applied to other offenses with a mens rea element." ECF No. 27 at 2. However, as the PF&R noted, neither the Supreme Court nor the Eleventh Circuit Court of Appeals has extended Rosemond's "advanced knowledge" requirement outside the context of 18 U.S.C. § 924(c). Indeed, as another court observed:

> In considering the holding in Rosemond, the Eleventh Circuit, Petitioner's circuit of conviction, has determined that "Rosemond did not purport to change the law of aiding and abetting generally, only to clarify its application to a § 924(c) firearm offense." United States v. Aplesa, 690 F. App'x 630, 634 (11th Cir. 2017). See also, United States v. Persaud, 605 F. App'x 791, 801 (11th Cir. 2015) (explaining Rosemond "did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses."). Moreover, the Court in Rosemond did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses.

7

Smith v. Dobbs, C/A No. 5:20-58-TMC-KDW, 2022 WL 1057184, at *3 (D.S.C. Jan. 19, 2022), report and recommendation adopted by 2022 WL 702527 (D.S.C. Mar. 9, 2022). Casado cites to no case that undermines the foregoing authority. Therefore, he cannot satisfy the Jones test as he has failed to identify any change in the substantive law that would make the conduct for which he was convicted no longer criminal. Casado's objections are without merit and **OVERRULED**.[2]

    Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DISMISSES** ground four of plaintiff's amended petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 in its entirety, and directs the Clerk to remove this case from the court's active docket.

    Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that

---

[2] In his objections, Casado also maintains that the defendant "is actually in agreement that the jury instructions provided are flawed." ECF No. 27 at 2. There is no support for Casado's statement and to the extent it is an objection, it is **OVERRULED**.

reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

      The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

      **IT IS SO ORDERED** this 23rd day of March, 2023.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge